**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ROSANNA NICODEMO**, | Civil Action |
| Plaintiff, | |
| v. | |
| **TCF FINANCIAL CORPORATION d/b/a TCF Bank**, a Delaware corporation, | |
| Defendant. | JURY DEMAND |

**COMPLAINT**

By and through her attorneys of record the plaintiff, **ROSANNA NICODEMO** ("NICODEMO"), (the "Plaintiff"), complains of the defendant, **TCF FINANCIAL CORPORATION d/b/a TCF Bank**, a Delaware corporation, (the "Defendant"). Pleading hypothetically and in the alternative, the Plaintiff alleges as follows:

### I.   INTRODUCTION

1.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the Defendant's failure to pay overtime compensation to the Plaintiff.  The Plaintiff routinely worked in excess of 40 hours per week for the Defendant but the Defendant failed and refused to pay her time-and-one-half overtime compensation for the hours she worked in excess of 40 as the FLSA requires.  In Count I, the Plaintiff brings a claim pursuant to Section 216(b) of the FLSA.

2.    In Counts II and III, the Plaintiff brings supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, and the Attorneys' Fees in Wage Actions Act ("AFWAA"), 705 ILCS 225 *et seq*.  The rights and remedies set forth

in these statutes are generally similar and analogous to those that Congress set forth in the FLSA.

## II.   THE PARTIES

3.   NICODEMO is an individual domiciled in Illinois and resides within the Northern District of Illinois.

4.   TCF FINANCIAL is a Delaware corporation doing business under the assumed name of "TCF Bank", with offices and banking branches located within the Northern District of Illinois.

## III.   JURISDICTION AND VENUE

5.   Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. §1331.

6.   Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

7.   Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within Northern District of Illinois.

8.   Further, venue is proper pursuant to 28 U.S.C. § 1391, because TCF FINANCIAL CORPORATION, maintains numerous banking establishments in Chicago, Illinois, within Northern District of Illinois.

## IV.   GENERAL ALLEGATIONS

9.   At all times relevant to this action, the Defendant was the Plaintiff's "employer" within the meaning of Section 3(a) and (d) of the FLSA in that the Defendant acted directly or indirectly in the interest of the "employer" in relation to the employee

plaintiffs represented herein, and is therefore liable for the unpaid wages and other relief sought herein.

10.     At all times relevant to this action, the Defendant was the Plaintiff's "employer" within the meaning of Section 3(c) of the IMWL in that the Defendant acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiff represented herein, and is therefore liable for the unpaid wages and other relief sought herein.

11.     At all times relevant to this action, the Defendant operated, controlled and/or constituted an "enterprise" within the meaning of Section 3(r) of the FLSA (the "Enterprise").

12.     At various times relevant to this action, the Enterprise operates/operated numerous financial and banking establishments within the Northern District of Illinois.

13.     At all times relevant to this action, the Plaintiff was an "employee" of the Defendant within the meaning of Section 3(e)(1) of the FLSA.

14.     At all times relevant to this action, the Plaintiff was an "employee" of the Defendant within the meaning of Section 3(d) of the IMWL.

15.     During the course of their employment by the Defendant, the Plaintiff as an employee of a banking institution participated directly in interstate commerce in that, in the course and scope of her employment by the Defendant, she caused money to be transferred across state lines via wire, and caused data to be transmitted across state lines via wire.

16.     During the course of her employment by the Defendant, the Plaintiff was not exempt from the maximum hour (overtime wage) provisions of the FLSA.

3

17.    During the course of her employment by the Defendant, the Plaintiff was not exempt from the maximum hour (overtime wage) provisions of the IMWL.

18.    NICODEMO was employed by the Defendant from about July, 2001, until about December, 2010.

19.    The Defendant routinely and as a matter of practice and policy required the Plaintiff to work more than 40 hours per week, but then failed and refused to pay them overtime compensation at the requisite statutory rates.

## COUNT I
### (Violation of the FLSA)

20.    The Plaintiff hereby re-alleges the foregoing allegations.

21.    The Defendant violated the FLSA by failing to pay the Plaintiff for certain overtime (in excess of 40 in a given workweek) hours at rates equal to or greater than one and one-half times the rates at which she were employed.

22.    The Defendant's violation of the FLSA was willful in that the Defendant was aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

23.    The Defendant failed to take affirmative steps to ascertain their obligations under the FLSA.

WHEREFORE the Plaintiff prays for judgment in her favor and against the Defendant, and for the following relief:

A. damages in an amount equal to the unpaid overtime compensation due and owing to the Plaintiff for each hour the Plaintiff worked in excess of 40 in any given week, but for which the Defendant failed to pay the Plaintiff at a rate equal to or greater than one and one-half times the regular rate at which the Plaintiff

4

was employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B. statutory liquidated damages as allowed by the FLSA;

C. interest on all amounts awarded;

D. attorneys' fees, together with costs of suit and collection;

E. such further relief as may be fair and just in the premises.

## COUNT II
### (Violation of the IMWL)

24. The Plaintiff hereby re-alleges the foregoing allegations.

25. The Defendant violated the IMWL by failing to pay the Plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which she employed;

26. The Defendant was aware or should have been aware of its obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

27. The Defendant failed to take affirmative steps to ascertain their obligations under the IMWL.

WHEREFORE the Plaintiff prays for judgment in her favor and against the Defendant, and for the following relief:

A. damages in an amount equal to the unpaid overtime compensation due and owing to the Plaintiff for each hour the Plaintiff worked in excess of 40 in any given week, but for which the Defendant failed to pay the Plaintiff at a rate equal to or greater than one and one-half times the regular rate at which the Plaintiff was employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B. statutory punitive damages as allowed by the IMWL;

C. interest on all amounts awarded;

D. attorneys' fees, together with costs of suit and collection; and

E. such further relief as may be fair and just in the premises.

## COUNT III
## (IWPCA and AFWAA claims)

28. The Plaintiff hereby re-alleges the foregoing allegations.

29. The Defendant violated the IWPCA by:

a. failing to pay the Plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate upon which the parties had agreed;

b. failing to pay the Plaintiff certain wages either weekly or biweekly; and/or

c. failing to pay the Plaintiff certain wages within either 7 days of the close of each relevant workweek, or within 13 days of the close of each relevant biweekly pay-period;

WHEREFORE the Plaintiff prays for judgment in her favor and against the Defendant, and for the following relief:

A. damages in an amount equal to the unpaid wages (including but not limited to overtime compensation) due and owing to the Plaintiff for each hour the Plaintiff worked but for which the Defendant failed to pay the Plaintiff at a rate equal to the regular rate at which the Plaintiff was employed (and as applicable, one-and-one-half times the regular rate at which the Plaintiff was employed – for those hours over 40 in any given workweek);

B. an order commanding the Defendant to pay the Plaintiff any and all unpaid wages (including but not limited to overtime compensation) due and owing to the Plaintiff for each hour the Plaintiff worked but for which the Defendant failed to pay the Plaintiff at a rate equal to the regular rate at which the Plaintiff was employed (and as applicable, one-and-one-half times the regular rate at which the Plaintiff was employed – for those hours over 40 in any given workweek);

C. interest on all amounts awarded;

D.  reasonable attorneys' fees as allowed by the AFWAA, together with costs of suit and collection; and

E.  such further relief as may be fair and just in the premises.

## **JURY DEMAND**

The Plaintiff hereby demands trial by jury of all issues set forth herein that are capable of being tried by a jury.

Respectfully submitted,

 /s/Paul Luka
PAUL LUKA

Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.
120 S. State Street · Suite 400
Chicago, IL 60603
312.236.9825